# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:05-cr-135

                                        District Judge Thomas M. Rose
  - vs -                        Magistrate Judge Michael R. Merz

STEVE JEFFERSON,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

      Defendant Steve Jefferson has, with the assistance of counsel filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 46).  The Motion is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

As with all other collateral attacks on criminal judgments at the Dayton seat of court, the § 2255 Motion has been referred to the undersigned (General Order Day 13-01).

1

Jefferson was indicted in this case for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d)(Count One) and brandishing a firearm "during and in relation to a crime of violence, that is a [sic] armed bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) Count Two)(Indictment, ECF No. 17). He entered into a written Plea Agreement with the United States in which he agreed to plead guilty to both counts (ECF No. 25, PageID 85, et. seq.) He acknowledged that a guilty plea to the § 924 count required "by statute a minimum term of imprisonment of at least seven years." *Id.* at ¶ 3. After reviewing the Presentence Investigation Report ("PSR") of the Probation Department, Judge Rose on March 14, 2006, sentenced Jefferson to 155 months imprisonment, comprising seventy-one months on Count One and the mandatory minimum eight-four months on Count Two which is required to be served consecutively (Judgement, ECF No. 37). Jefferson took no appeal. The instant § 2255 Motion followed more than ten years later on June 22, 2016 (ECF No. 46).

Jefferson first contends that "pursuant to *Johnson*, he no longer qualifies as a career offender pursuant to U.S.S.G. § 4B1.1; therefore his sentence is constitutionally invalid." *Id.* at PageID 170. In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The residual clause of the career offender Sentencing Guideline is unconstitutional on the same basis as *Johnson*. *United States v. Pawlak,* ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

Examination of the PSR reveals that the Probation Department found should be classified as a career offender under U.S.S.G. § 4B1.1 which requires two prior felony convictions of either a crime of violence or a controlled substance offense. PSR ¶ 32. The Probation Department found Jefferson had previously been convicted of robbery on January 24, 1984, and rape on March 22, 1984. *Id.* It calculated a guideline sentencing range of 272 to 319 months and recommended a sentence of 284 months. *Id.* As noted above, Judge Rose imposed a sentence 155 months.

The Motion does not take issue with using these prior convictions as predicates for applying career offender status. Instead, Jefferson argues that armed bank robbery is not a crime of violence within the meaning of 18 U.S.C. § 924(c) and therefore Jefferson's brandishing of a firearm was not "during and in relation to [a] crime of violence." (Motion, ECF No. 46, PageID 172.) Defendant reminds the Court that the controlling definition of "crime of violence" is in 18 U.S.C. § 924(c)(3) which provides that term means

> an offense that is a felony and
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Jefferson's argument that § 924(c)(3)(B) is rendered unconstitutional by application of *Johnson* was rejected, as Jefferson concedes, in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). Jefferson included the claim to preserve the issue for appellate review, either on rehearing en banc or on certiorari (Motion, ECF No. 46, PageID 175). The Sixth Circuit has denied rehearing en banc, *United States v. Taylor*, 2016 U.S. App. LEXIS 9974 (6th Cir. May 9,

3

2016).  However, the time for petitioning the Supreme Court has not expired.  Reservation of the issue for appeal is completely appropriate, but this Court must follow the published precedent.

Jefferson also argues that the armed bank robbery conviction does not qualify under § 924(c)(3)(A) because armed bank robbery can be committed without the use of "violent force."  That position is also precluded by published precedent, *United States v. McBride*, Case No. 15-3759, ___ F.3d ___, 2016 U.S. App. LEXIS 10538 (6th Cir. June 10, 2016).  Although that case is pending on application for re-hearing en banc, it is again published precedent this Court must follow.

Jefferson's § 2255 Motion is also untimely.  While *Johnson* claims filed within a year of the *Johnson* decision are timely, Jefferson does not make a *Johnson* claim.  Instead, he argues that the language in § 924(c)(3)(B) is unconstitutionally vague by analogy to the language in the Armed Career Criminal Act found to be un constitutionally vague in *Johnson*.  As the Sixth Circuit held in *Taylor*, the two statutes are significantly different in several ways.  The *Johnson* decision does not make timely any claim of unconstitutional vagueness in a federal criminal statute filed within one year of *Johnson*.

Nor does Johnson ground Jefferson's claim that armed bank robbery is not a crime of violence under 18 U.S.C. § 924(c)(3)(A).  That claim is based on application of the so-called categorical approach required by *Descamps v. United States,* 133 S. Ct. 2276 (2013), and *Taylor v. United States*, 495 U.S. 575 (1990).  Descamps was decided three years ago and has also never been held to apply retroactively.  *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015).

4

**Conclusion**

Jefferson's § 2255 Motion should be dismissed with prejudice. However, the issues he presents are debatable among reasonable jurists. He should therefore be granted a certificate of appealability and permitted to proceed on appeal *in forma pauperis*.

June 27, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).