# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:05-cr-135

                                      District Judge Thomas M. Rose
- vs -                        Magistrate Judge Michael R. Merz

STEVEN JEFFERSON,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's Objections (ECF No. 48) to the Magistrate Judge's Report and Recommendations (ECF No. 47) recommending that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 46) be dismissed with prejudice.  The time within which the United States could have responded to the Objections under Fed. R. Civ. P. 72 expired on August 1, 2016, and no response has been filed.  Judge Rose has recommitted the matter for reconsideration in light of Defendant's Objections (ECF No. 49).

      Jefferson was indicted in this case for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d)(Count One) and brandishing a firearm "during and in relation to a crime of violence, that is a [sic] armed bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) Count Two)(Indictment, ECF No. 17).  Section 2113(a) provides:

1

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

Jefferson was charged under the first paragraph of § 2213(a) with taking "by force and violence and by intimidation . . ." (Indictment, ECF No. 17, PageID 75).

Jefferson entered into a written Plea Agreement with the United States in which he agreed to plead guilty to both counts (ECF No. 25, PageID 85, et. seq.)  He acknowledged that a guilty plea to the § 924 count required "by statute a minimum term of imprisonment of at least seven years." *Id.*  at ¶ 3.  After reviewing the Presentence Investigation Report ("PSR") of the Probation Department, Judge Rose on March 14, 2006, sentenced Jefferson to 155 months imprisonment (Judgement, ECF No. 37).  Jefferson took no appeal but filed the instant § 2255 Motion with the assistance of counsel more than ten years later on June 22, 2016 (ECF No. 46).

Jefferson contended that "pursuant to *Johnson*, he no longer qualifies as a career offender pursuant to U.S.S.G. § 4B1.1; therefore his sentence is constitutionally invalid." *Id.*  at PageID 170.  In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the

Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  Jefferson was not sentenced under the ACCA.  Rather, he was sentenced to eighty-four months imprisonment consecutive to the sentence on the bank robbery charge for brandishing a firearm "during and in relation to a crime of violence" within the meaning of 18 U.S.C. § 924(c)(3) which definition is

> an offense that is a felony and
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The pertinent portion of 18 U.S.C. § 924(e)(2)(B)(ii) declared unconstitutional in *Johnson* is the boldfaced language below, the "Residual Clause":

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**;

The Motion noted that, while Jefferson was not sentenced as an armed career criminal and therefore *Johnson* was not directly applicable, the Sixth Circuit had applied *Johnson* to determination of career offender status under the Sentencing Guidelines in *United States v.*

3

*Pawlak*, 822 F.3d 902 (6th Cir. 2016). The Report noted that the PSR classified Jefferson as a career offender under the Guidelines and calculated his sentencing range accordingly, but that the § 2255 Motion did not quarrel with that classification (ECF No. 47, PageID 181). No objection is made to that portion of the Report.

The Report rejected applying *Pawlak*, noting that the Sixth Circuit had refused to apply *Johnson* to the "crime of violence" language in 18 U.S.C. § 924(c)(3)(Report, ECF No. 47, PageID 181, citing *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016)). The Objections also do not address *Taylor*.

Jefferson's § 2255 Motion argued that bank robbery was not a predicate offense for § 924(c)(3) because it "does not require violent conduct." (Motion, ECF No. 46, PageID 172.) The Report found that argument also precluded by published Sixth Circuit precedent, *United States v. McBride*, ___ F.3d ___, 2016 U.S. App. LEXIS 10538 (6th Cir. June 10, 2016). Jefferson objects that *McBride* is currently pending on a petition for en banc rehearing (Objections, ECF No. 48, PageID 184). Neither party has asked that the case be stayed pending either that decision or possible certiorari. It is therefore binding on this Court.

But wait, says Jefferson: six days after *McBride* the Supreme Court decided *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (June 23, 2016). Justice Kagan wrote in *Mathis*:

> The Armed Career Criminal Act (ACCA or Act), 18 U. S. C. §924(e), imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony," including "burglary, arson, or extortion." To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the "generic" version of the listed offense—*i.e.,* the offense as commonly understood. For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA

4

> predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense. The question in this case is whether ACCA makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements. We decline to find such an exception.

195 L. Ed. 2d at 609-10. The balance of the *Mathis* decision explicates the distinction between "elements" of a crime and the "means" of committing it. Only elements count under the modified categorical approach for classifying prior offenses under *Shepard v. United States,* 544 U.S. 13 (2005).

Jefferson seeks to apply *Mathis* here, arguing

> By analogy, the federal bank robbery statute is one statute, containing one offense with multiple means of committing it, so of which involve physical force and some of which do not, After *Mathis*, this Court may no longer parse out utilizing *Shepard* documents which means a defendant uses to commit the offense.

(Objections, ECF No. 48, PageID 185.)

*Mathis* is not inconsistent with *McBride*. In *McBride* the Sixth Circuit did not apply a modified categorical approach and look at Shepard documents to determine that bank robbery was a crime of violence. Instead, it found 18 U.S.C. § 2113(a) was a divisible statute and the portion under which McBride was charged required proof of the elements of "force and violence" or "intimidation," both of which would qualify to make a violation of 18 U.S.C. § 2113(a) a crime of violence. Jefferson was charged under the same portion of the statute as McBride.

The Report also concluded Jefferson's § 2255 Motion was time barred because it amounts to a claim under *Descamps v. United States*, 133 S. Ct. 2276, 2285, 2289-90, 186 L. Ed. 2d 438 (2013), rather than *Johnson*. *Descamps* was decided in 2012 and, moreover, has not been

found to be applicable retroactively to claims on collateral review (Report, ECF No. 47, PageID 182-83).

Jefferson objects that his is a claim under *Johnson*, not *Descamps* (Objections, ECF No. 48, PageID 185-86). In determining that bank robbery was a crime of violence under § 924(c)(3), the Court did not rely on the "residual clause" language of § 924(c)(3)(B), but on the element of force language in § 924(c)(3)(A). The argument that 18 U.S.C. § 2113(a) is not a divisible statute thus relies on *Descamps*, not *Johnson*. As noted in the Report, *Descamps* has not been held to apply retroactively on collateral review, but even if it had, the one-year statute of limitations for such a claim in this case would have expired one year after *Descamps* was decided on June 20, 2013. The § 2255 Motion *sub judice* was not filed until June 22, 2016, more than two years later. Thus Jefferson's § 2255 Motion is time barred.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE. Because the law with respect to Johnson claims is very recent and in great flux, it is also recommended that Jefferson be granted a certificate of appealability as to his § 2255 claims.

August 5, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).