# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                      Plaintiff,    :    Case No. 3:05-cr-135

                                            District Judge Thomas M. Rose
  - vs -                                     Magistrate Judge Michael R. Merz

STEVEN JEFFERSON,

                      Defendant.    :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (ECF No. 51) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 50) recommending again that Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 46) be dismissed with prejudice. Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 52).

Jefferson first objects "to the magistrate's assertion on page 4 of the Supplemental R&R that he did not "quarrel" with his classification as a career offender under the Guidelines" and proceeds to claim he is not a career offender (ECF No. 51, PageID 196). But when one examines the § 2255 Motion, one finds an objection to the classification of armed bank robbery, one of the two crimes in this case, as a violent offense and not any objection to the conclusion that Jefferson was properly classified as a career offender under the Guidelines on that basis of

1

past violent offenses.  No argument is made in the § 2255 Motion that the career offender classification under the Guidelines was in error.  If counsel disagrees with this, she should provide a citation to  the place in the Motion where she quarrels with the Guidelines calculation.

Jefferson's second objection is merely made to preserve his claim that *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), was incorrectly decided.  Rehearing en banc in that case has been denied at 2016 U.S. App. LEXIS 9974 (6th Cir. May 9, 2016).  It remains the governing law in this circuit unless reversed by the Supreme Court

Jefferson third objection is to the Supplemental Report's conclusion that his claim is properly one made under *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), and is therefore time-barred.  On the contrary, Jefferson argues, his claim is made under *Mathis v. United States,* 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (June 23, 2016), which he asserts has "rejected" the "modified categorical approach outlined in *Descamps*.  On the contrary, *Mathis* expressly held

> If a statute is divisible, stating elements in the alternative and thereby defining multiple crimes, a sentencing court may use the "modified categorical approach" by looking at a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime with what elements a defendant was convicted of.  *Mathis* at 2245-46, citing *Shepard v. United States*, 544 U.S. 13, 26 (2005).

The Sixth Circuit has held 18 U.S.C. § 2113 is divisible.  *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016)(Boggs, J.)  Moreover, Mathis created no new right held by the Supreme Court to be applicable on collateral review.

2

**Conclusion**

Jefferson's Objections are not well taken. It is therefore again respectfully recommended that the § 2255 Motion herein be DISMISSED WITH PREJUDICE.

September 9, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

,

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).